**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**THEODUS LINDSEY,** PLAINTIFF

V. NO. 4:08CV066-M-D

**CHRISTOPHER B. EPPS, et al.,** DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections and being housed at Parchman, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains that his parole was revoked after being arrested for rape. Although, he contends, the charges were eventually dismissed, his parole was not reinstated and he did not receive credit of 1163 days "street time." Plaintiff is seeking equitable relief in the form of time toward the completion of his sentence and parole along with monetary damages. Noticeably absent from the pleadings, however, is any proof or allegation that Plaintiff has presented his claim to the State's highest court.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus

judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L.Ed.2d 686 (1996)).

If Plaintiff is successful in the instant case he would clearly be entitled to accelerated release. Therefore, he must obtain habeas corpus relief before bringing suit pursuant to § 1983. A petition for a writ of *habeas corpus* is the appropriate vehicle to seek relief from the loss of earned time. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Even if the court elected to treat the complaint as a habeas corpus petition, there is no indication whatsoever that Plaintiff has exhausted available state court remedies.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.

Construing this matter under either § 1983 or § 2254 yields the same conclusion–Plaintiff's complaint is premature.[1] Before obtaining relief under § 1983 he must first receive a habeas

---

[1] Also, an inmate who was enjoying earned-release supervision in this state shall not, upon being revoked, receive credit for time spent on earned-release supervision. *See* Miss. Code

judgment. Before relief may be granted in a federal habeas petition under § 2254 he must exhaust available state court remedies. It is clear, Plaintiff has done neither. Therefore, his complaint will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 1st day of July, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

Ann. § 47-5-138(7). The same is true for an inmate on probation, as opposed to supervised release. *See* Miss. Code. Ann. § 47-7-27.